CRAIG G. STAUB, Bar No. 172857
ELIZABETH NGUYEN, Bar No. 238571
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: cstaub@littler.com
         enguyen@littler.com

Attorneys for Defendant
HARTFORD FIRE INSURANCE COMPANY

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY LUCAS,<br><br>        Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation doing business in California as "THE HARTFORD"; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br>CV11 04510 SVW AJW<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 USC §§ 1332, 1441, 1446]** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL DISTRICT OF CALIFORNIA, PLEASE TAKE NOTICE that Defendant

3  Hartford Fire Insurance Company (referred to herein as "Defendant),

4  contemporaneously with the filing of this Notice, hereby effects removal of the below

5  referenced action from the Superior Court in the State of California for the County of

6  Los Angeles to the United States District Court for the Central District of California.

7  The removal is based on 28 U.S.C. sections 1441 and 1446 and, specifically, on the

8  following grounds:

9                             **JURISDICTION AND VENUE**

10      1.    This Court has original jurisdiction of this action pursuant to the

11  provisions of 28 U.S.C. § 1332 and this action is one that may be removed to this

12  Court pursuant to 28 U.S.C. §§ 1332 and 1441(a) in that:

13           a.    The district courts of the United States have original jurisdiction

14  over an action where the matter in controversy exceeds the sum or value of $75,000,

15  exclusive of interest and costs, and

16           b.    Is between citizens of different States.

17      2.    Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2),

18  1391 and 1446.

19                **PLEADINGS AND PROCEEDINGS TO DATE**

20      3.    On April 5, 2011, Plaintiff Wendy Lucas ("Plaintiff") commenced this

21  action by filing a complaint in the Superior Court of the State of California, County of

22  Los Angeles against Defendant and Does 1 through 100, inclusive, designated

23  Superior Court Case No. BC 458746 ("Complaint").

24      4.    Plaintiff's Complaint asserts seven causes of action: (1) Age

25  Discrimination in Violation of California Government Code § 12940 et seq.; (2)

26  Failure to Prevent Discrimination in Violation of California Government Code 12940

27  et seq.; (3) Retaliation in Violation of California Government Code § 12940; [sic] (5)

28  Wrongful Termination in Violation of Public Policy; (6) Intentional Infliction of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

Emotional Distress; (7) Damages Under Labor Code § 2802(a); and (8) Violation of Business & Professions Code § 17200.

5.    On April 25, 2011, Plaintiff served Defendant through Corporation Service Company ("CSC"), its agent for service of process, with a copy of the Summons and Complaint. True and correct copies of the Summons, Complaint, ADR information package, Order to Show Cause Hearing, and Notice of Case Management Conference set for July 11, 2011 served on Defendant are attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446(a).

6.    On May 24, 2011, Defendant filed its Answer to the Complaint in the Superior Court for the County of Los Angeles. Attached hereto as Exhibit "B" is a true and correct copy of the Answer filed in the Superior Court pursuant to 28 U.S.C. § 1446(a).

7.    All pleadings, process or orders received by Defendant in the case are attached hereto. Defendant has received no other process, pleadings or orders. 28 U.S.C. § 1446(a). To Defendant's knowledge, no further proceedings have been conducted or scheduled in the above-captioned action.

### DEFENDANTS' REMOVAL IS TIMELY

8.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because Defendant filed this Notice within 30 days after receiving the pleadings from which it could first determine that this action was removable and less than one year after commencement of this action as required under 28 U.S.C. § 1446(b).

### NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL

9.    Promptly after the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be served by the undersigned to counsel for Plaintiff and filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles as required by 28 U.S.C. § 1446(d).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

2.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10.     Although Plaintiff's Complaint is silent as to the total amount of damages claimed, the failure of the Complaint to specify the total amount of damages sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (permitting removal notwithstanding the failure of the Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim").

11.     Defendant needs only to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

12.     While Defendant denies the validity of Plaintiff's claims and requests for relief thereon, it is facially apparent from Plaintiff's Complaint and the claimed damages that the amount in controversy is in excess of the jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding of jurisdiction); *White v. FCI USA, Inc.*, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

13.     Here, Plaintiff's Complaint identifies a lengthy list of damages, including consequential and incidental financial losses, loss of earnings, employee benefits, pain and suffering, according to proof, exemplary and punitive damages, and attorneys' fees and costs arising from her seven causes of action. (*See* Exhibit "A", Prayer for Relief.)

14.     **Loss of Earnings:**     According to Plaintiff's Complaint, she was terminated on April 5, 2010. (Complaint, ¶ 21.) As of April 2010, Plaintiff's annualized salary was $64,032.36 based on an hourly rate of $30.78. (Declaration of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

3.

Maria Q. Fazzino In Support of Defendant's Notice to Federal Court of Removal ("Fazzino Decl.") Decl. ¶ 13.) According to Plaintiff's Complaint, she has suffered and "will **continue** to suffer damages....Such damages include loss of salary and other valuable employment benefits...." (Complaint, ¶ 38.) (Emphasis added). Therefore, at a *minimum*, one years salary is in controversy because at least one year has passed since April 5, 2010, the date Plaintiff was allegedly wrongfully terminated.

15.   **Punitive Damages Alone Exceed $75,000.**   The amount of punitive damages a jury may award to Plaintiff on her claims *alone* would be sufficient to establish the $75,000 amount in controversy. *See Richmond v. AllState Ins.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (recognizing that punitive damages are included in calculating the amount in controversy if they are recoverable as a matter of law).

16.   In support of Plaintiff's wrongful termination in violation of public policy cause of action, she alleges that the public policy violated was the public policy embodied in the California Fair Employment and Housing Act "prohibiting discrimination on the basis of age." (Complaint, ¶61.) Indeed, the potential punitive damage award on her fifth cause of action, without taking into any of the other alleged damages, causes of actions or prayers for relief, satisfies the amount in controversy. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (punitive damages alone was more likely than not to exceed the jurisdictional amount in wrongful termination case).[1]

17.   California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive

---

[1] The plaintiff in *White* asserted a lengthy list of compensatory and punitive damages including loss of pay, fringe benefits, impaired earning capacity, harm to credit, emotional distress. There, the court held that these damages combined with a claim for attorney fees sufficient to meet burden that it was more likely than not that amount in controversy would exceed jurisdictional minimum.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1  damages, and ratio between damages and defendant's net worth. *See Boyle v. Lorimar*
2  *Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994).

3      18.    Punitive damages are included in calculating the amount in controversy.
4  See *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir.
5  1963); *See also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).   In
6  *Aucina*, the defendant-employer established that the amount in controversy exceeded
7  the jurisdictional minimum where the former employee asserted claims for lost wages,
8  lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause
9  the purpose of punitive damages is to capture a defendant's attention and deter others
10  from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed
11  the jurisdictional minimum.  *Aucina*, 871 F. Supp. at 334; *Faulkner v. Astro-Med,*
12  *Inc.*, Case No. C 99-2562 SI, 1999 U.S. Dist. LEXIS 15801 at *5 (N.D. Cal.) (finding
13  that punitive damages should be considered when determining the amount in
14  controversy).

15      19.    "In order to establish probable punitive damages, a party asserting federal
16  diversity jurisdiction may introduce evidence of jury verdicts in cases involving
17  analogous facts." *Surber v. Reliance National Indemnity Co.*, 110 F. Supp. 2d 1227,
18  1232 (N.D. Cal. 2000).   Jury verdicts in wrongful termination cases in California
19  demonstrate that Plaintiff's claim for punitive damages alone brings the amount in
20  controversy to well over the $75,000 threshold.   *See, e.g. Pande v. Chevron*
21  *Corporation, et al.*, U.S.D.C. Case No. 04-CV-05107 (N.D. Cal. 2007) ($2.5 million
22  in putative damages in wrongful termination case); *Vick v. Pacifica Services, Inc.*, San
23  Diego Superior Court Case No. GIC732276 ($225,000 in punitive damages in
24  wrongful termination case);   *Shay v. TG Construction, Inc.*, 2002 WL 31415020
25  (Unknown State Ct.) (awarding $325,000 in punitive damages in disability
26  discrimination case); *Brown v. LNP Engineering Plastics, Inc.*, 1997 WL 828516
27  (Cal. Superior)($667,000 in punitive damages in disability discrimination case).  True
28  and correct copies of these jury verdicts summaries are attached hereto as Exhibit "C".

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

5.

1   Therefore, the amount in controversy for punitive damages on Plaintiff's claim for
2   wrongful termination in violation of public policy clearly exceeds the jurisdictional
3   minimum of $75,000.

4        20.   **Emotional Damages Alone Exceed $75,000**:   Plaintiff also seeks
5   damages for emotional distress and alleges that she suffered and continues to suffer
6   "severe emotional and mental distress and anguish, humiliation, embarrassment,
7   anger, shock, pain, discomfort, and anxiety" "damages for shame," "humiliation," and
8   "emotional distress." (Complaint, ¶¶ 30, 38, 47, 54, 65, & 68.)   Emotional distress
9   damages may be considered in calculating the amount in controversy even if not
10  clearly pleaded in the complaint. *See Simmons v. PCR Technology*, 209 F. Supp 2d
11  1029, 1034 (N.D. Cal. 2002); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp.
12  447, 450 (S.D. Cal. 1995) (emotional distress damages may be considered in the
13  amount in controversy).

14       21.   Although Defendant disputes that Plaintiff is entitled to any such award,
15  plaintiffs in employment cases have been awarded substantial sums for emotional
16  distress. *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert.*
17  *denied*, 535 U.S. 1018 (2002) (award of $30,000), and *Redfield v. Insurance Co. of N.*
18  *Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds, Dotson v. United*
19  *States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). *See, e.g., Gardenhire v.*
20  *Housing Authority of the City of Los Angeles* 85 Cal. App. 4th 236, 240-241 (2000)
21  (affirming judgment, including jury award of $1.3 million in emotional distress
22  damages for wrongful termination in violation of public policy claim); *see also, e.g.,*
23  *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 820 (1999) (affirming
24  judgment, including jury award of $450,000 in emotional distress damages for
25  violations of the Fair Employment and Housing Act).

26       22.   Further, jury verdicts in age discrimination cases in California
27  demonstrate that Plaintiff's claim for punitive and emotional damages brings the
28  amount in controversy to well over the $75,000 threshold. *See Richard Herr v. Nestle*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

6.

1   *USA, Inc.*, Los Angeles Superior Court Case No. BC165528 ($5,163,600 plaintiff
2   verdict in age discrimination case); *Richard S. Gibson v. Aro Corp., et al.*, Los
3   Angeles Superior Court Case No. C691774 ($522,933 plaintiff verdict in age
4   discrimination case, of which $360,000 was for emotional distress); *Boris Kolas v.*
5   *Alticor, Inc.*, 2008 WL 496470, Los Angeles Superior Court Case No. BC362432,
6   (jury awarded $600,000 in disability/age discrimination case, of which $200,000 was
7   for non-economic damages).   True and correct copies of the jury verdict summaries
8   are attached hereto as Exhibit "D".   Therefore, the amount in controversy for punitive
9   damages on Plaintiff's claims clearly exceeds the jurisdictional minimum of $75,000.

10   23.   **Attorneys' Fees Alone Exceed $75,000:**   Plaintiff's Complaint places in
11   controversy the attorneys' fees she seeks to recover based on her causes of action for
12   discrimination, failure to prevent discrimination, wrongful termination in violation of
13   public policy, intentional infliction of emotional distress, damages under Labor Code
14   § 2802(a); and violation of California Business and Professions Code §§ 17200. (*See*
15   Complaint, ¶¶ 31, 39, 48, 55, 72, & 78.)

16   24.   Recoverable attorneys' fees are relevant to the determination of whether
17   the amount in controversy exceeds the jurisdictional amount.   *See Galt G/S v. JSS*
18   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute
19   authorizes an award of attorneys' fees, . . . such fees may be included in the amount in
20   controversy.").   Here, the attorneys' fees alone through trial of any cause of action
21   would likely exceed $75,000.   *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d
22   1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable
23   attorneys' fees likely to be recovered by a plaintiff if he were to prevail in determining
24   whether amount in controversy exceeds $75,000); *see, Flannery v. Prentice*, 26 Cal.
25   4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under
26   Fair Employment and Housing Act ("FEHA") for $891,042); *See also Rivera v.*
27   *Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008) (on
28   denying motion for remand, the court stated that employment discrimination claims

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

7.

1   require a great deal of preparation and effort to maintain and at Plaintiff's attorneys'

2   claimed rate of $400 an hour, fees will likely become substantial) *citing to Simmons v.*

3   *PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the Court's

4   twenty-plus years' experience, attorneys' fees in individual discrimination cases often

5   exceed the damages and found the jurisdictional maximum was satisfied); *See e.g.*

6   *Akers v. County of San Diego* (San Diego Super. Ct.) (trial court awarded $249,349 in

7   attorneys fees in wrongful termination in violation of public policy and discrimination

8   case); *Kerry v. City of West Covina* (Los Angeles Super. Ct.) (jury rendered a verdict

9   in favor of plaintiff and court granted attorney fees request for $200,000). True and

10  correct copies of said decisions and jury verdict summaries are attached hereto as

11  Exhibit "E".

12      25.   Based on the above, the total combined amount in controversy on

13  Plaintiff's claims for lost wages (which is at a minimum of $64,032.36), emotional

14  distress damages, punitive damages, and attorneys' fees far exceed the jurisdictional

15  minimum of $75,000.

16                    **DIVERSITY OF CITIZENSHIP EXISTS**

17      26.   **Plaintiff's Citizenship:**   Plaintiff alleges that she is a resident of the

18  County of Los Angeles, State of California. (Complaint ¶ 4.)  Therefore, Plaintiff is a

19  citizen of the State of California. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d

20  514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency

21  "created a presumption of continuing residence in [state] and put the burden of

22  coming forward with contrary evidence on the party seeking to prove otherwise").

23      27.   **Defendant's Citizenship:**   Plaintiff does not dispute that Defendant is

24  not a California corporation.   In fact, Plaintiff's Complaint alleges that Defendant

25  Hartford Fire Insurance Company is a Connecticut corporation. (Complaint, ¶ 4.)  *See*

26  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining

27  complaint and notice of removal for citizenship determination).  Therefore, Defendant

28  is not a citizen of California and is completely diverse from Plaintiff.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

8.

28. Indeed, Defendant was, at the time the action was commenced in state court, and still is, a citizen of Connecticut. 28 U.S.C. § 1332(c)(1); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491–92 (9th Cir. 1972). For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant was incorporated in the state of Connecticut and its principal place of business is located in Connecticut. (Fazzino Decl., ¶¶ 2-11.)

29. Last year, the Supreme Court held that the "principal place of business" is the state where a corporation's officers direct, control, and coordinate the corporation's activities, i.e., the corporation's "nerve center." *Hertz Corp. v. Friend et al.*, 130 S. Ct. 1181, 1192 (U.S. 2010) (adopting the "never center" test for purposes of determining a corporation's principal place of business). The Court noted that, in practice, the principal place of business should normally be the place where the corporation maintains its headquarters. *Id.*

30. In this case, at the time Plaintiff filed her Complaint, Defendant was and remains headquartered in Hartford, Connecticut. (Fazzino Decl., ¶¶ 2-11.)

31. Hartford performs the majority of its executive and administrative functions at its corporate headquarters located in Hartford, Connecticut. (Fazzino Decl., ¶¶ 4-7.) Its headquarters is the actual center of direction, control, and coordination of the corporation's activities. (Fazzino Decl., ¶ 2-3.) Therefore, Defendant is a citizen of the state of Connecticut for the purposes of determining citizenship.

32. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff is a citizen of California and Defendant is a citizen of Connecticut because it was incorporated under the laws of the State of Connecticut and its principal place of business is located in Connecticut. (Fazzino Decl., ¶¶ 2-11.)

33. Defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been served and are to be disregarded for the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

9.

1   purpose of this removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157

2   F.3d 686, 690-91 (9th Cir. 1998) (inclusion of Doe defendants in a state court

3   complaint has no effect on removability).  Said defendants need not consent to this

4   removal.

5   ## PROPER DISTRICT PURSUANT TO 1441(a)

6       34.   This district and division embraces the County of Los Angeles where the

7   action is pending in the Superior Court of the State of California, County of Los

8   Angeles.  28 U.S.C. § 84(c)(3).  Thus, this action may be removed to this Court

9   pursuant to 28 U.S.C. sections 1332, 1391, 1441 and 1446 based on diversity

10  jurisdiction.

11      35.   Based on the above, Defendant hereby removes the civil action pending

12  against it in the Superior Court of the State of California, County of Los Angeles to

13  this honorable District Court.

14

15  Dated:  May 25, 2011

16

17

18  CRAIG G. STAUB
    ELIZABETH NGUYEN
19  LITTLER MENDELSON
    A Professional Corporation
20  Attorneys for Defendant
    HARTFORD FIRE INSURANCE
21  COMPANY

22  Firmwide:101680885.1 016869.2000

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

10.

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 05 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARTFORD FIRE INSURANCE COMPANY, A Connecticut
Corporation doing Business in California as "The Hartford" does 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Wendy Lucas

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court - CENTRAL<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* BC458746 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas L. Fox, Esq., 16133 Ventura Blvd, Suite 1200, Encino, CA 91436 (818) 995-4074

| DATE: APR 05 2011<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   Hartford Fire Insurance Company, A
3. ☒ on behalf of (specify): Connecticut Corporation doing Business in California as "The Hartford"
   under: ☐ CCP 415.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 4-25-11

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  T.L. FOX & ASSOCIATES
   Thomas L. Fox, Esq. SBN 111046
2  16133 Ventura Blvd., Suite 1200
   Encino, California 91436
3  Telephone: (818) 995-4074
   Facsimile: (818) 995-1213
4  tomfoxlaw@gmail.com

5  Attorneys for Plaintiff

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 05 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11  WENDY LUCAS,                          Case No.   BC458746

12              Plaintiff,                COMPLAINT FOR:

13       v.                              1. **AGE Discrimination in Violation of**
                                             **California Government Code § 12940**
14  HARTFORD FIRE INSURANCE                  **et seq. (Fair Employment and Housing**
    COMPANY, A CONNECTICUT                   **Act);**
15  CORPORATION DOING BUSINESS           2. **Failure to Prevent Discrimination in**
    IN CALIFORNIA AS "THE                    **Violation of California Government**
16  HARTFORD"; AND DOES 1                    **Code § 12940 et seq. (Fair**
    THROUGH 100, INCLUSIVE.                  **Employment and Housing Act);**
17                                        3. **Retaliation in Violation of California**
              Defendants.                    **Government Code § 12940 et seq. (Fair**
18                                           **Employment and Housing Act);**
                                          5. **Wrongful Termination in Violation of**
19                                           **Public Policy;**
                                          6. **Intentional Infliction of Emotional**
20                                           **Distress;**
                                          7. **Damages Under Labor Code §**
21                                           **2802(a); and,**
                                          8. **Violation of Business & Professions**
22                                           **Code §17200.**

23                                        **JURY TRIAL REQUESTED**

24

25

26

27

28

─────────────────────────────────────────
                      COMPLAINT

1   Plaintiff' Wendy Lucas, ("Plaintiff") alleges as follows:

2   **JURISDICTION AND VENUE**

3   1.   This court has jurisdiction over this action because this is an action under

4   California Government Code 12940 and the claims arose within this judicial district.

5   **PRELIMINARY ALLEGATIONS**

6   2.   Plaintiff at all times alleged herein, was and is a resident of the County of Los

7   Angeles, State of California.

8   3.   Plaintiff at all times herein was and is a resident of the County of Los Angeles,

9   State of California.

10   4.   Plaintiff are informed and believe, and based thereon allege that at all times

11   mentioned herein Defendant HARTFORD FIRE INSURANCE COMPANY, a

12   Connecticut corporation, licensed to do business in California, ("Hartford"), was and is

13   doing business in the County of Los Angeles, State of California.

14   5.   Plaintiff is unaware of the true names and capacities of Defendants sued herein as

15   DOES 1 through 100, inclusive, and for that reason sues said Defendants by such

16   fictitious names.  Plaintiff will file and serve an amendment to this Complaint alleging the

17   true names and capacities of these fictitiously named Defendants when Plaintiff knows

18   such true names and capacities. (Hartford and DOES 1 through 100, inclusive, are referred

19   to collectively herein as "Defendants.")

20   6.   At all times herein mentioned, and at the time the causes of action arose, Plaintiff

21   was employed in the County of Los Angeles by Defendants.

22   7.   Plaintiff are informed and believe, and based thereon allege, that each of the

23   fictitiously named Defendants is responsible in some manner for, and proximately caused,

24   the harm and damages alleged herein below.

25   8.   Plaintiff are informed and believe, and based thereon allege, that each of the

26   Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or

27   joint venturer, of each of the other Defendants named herein and, in doing the acts and in

28   carrying out the wrongful conduct alleged herein, each of the Defendants acted within the

2
COMPLAINT

1    scope of their relationship and with the permission, consent, and ratification, of each of

2    the other Defendants named herein.

3    9.      Plaintiff are informed and believe and thereupon allege that Hartford Fire

4    Insurance Company, and "The Hartford" are one in the same entity, and each of them, are

5    subject to such a degree of common ownership, control and management that, in doing the

6    things hereinafter alleged, each corporation was the agent of each other corporation and is

7    liable to Plaintiff under the law for the damages sustained by Plaintiff.

8    10.     Plaintiff is informed and believes and thereupon alleges that Defendants, and each

9    of them, exercised a sufficient degree of control over Plaintiff to render each Defendant

10   the employer or joint employers of Plaintiff.  Throughout Plaintiff's employment the

11   Defendants assigned work to Plaintiff and directed her in the performance thereof, to

12   which end Plaintiff was required to report to each of the Defendants on a regular basis and

13   they so report.  Defendants each had the authority to, and did, hire, transfer, promote,

14   discipline, and fire Plaintiff.  As result Defendants, and each of them, are jointly and

15   severally liable to Plaintiff for the damages alleged herein.

16   11.     Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant

17   or Defendants, shall refer to defendants, and each of them.

18

19   12.     Plaintiff is a 56-year-old woman who had experienced an exemplary career in the

20   Insurance industry. She had worked approximately fifteen years in the Insurance Industry

21   with outstanding success prior to joining Defendant when she was in her mid forties.

22   When she first started working for Defendant she was told that defendant was consciously

23   hiring experienced veterans in the industry in order to assure the highest caliber of

24   services for their customers. At that time, Defendant told Plaintiff that they sought to set

25   the standard for the claims industry in California.

26   13.     For approximately the first five years of working for defendant, Plaintiff's

27   immediate supervisor was Bill Dorn.  During that time, Plaintiff continuously and

28   consistently received the industries and her employer's highest accolades. Each of her

1  annual reviews stated that she met and exceeded the defendant 's goals for her and

2  encouraged her to keep doing the job the way that she was doing it. She had earned a

3  reputation both from her co-workers at defendant and to her peers in the industry as the

4  crème of the crop of field adjusters.

5  14.    Plaintiff was maintaining her excellent when they initially reorganized the unit that

6  she worked for and she was assigned to a new supervisor, Alan Jacobs. Mr. Jacobs was a

7  new supervisor and would continually seek the help and guidance of Plaintiff and relied

8  heavily upon her in order for him to do his own job.

9  15.    After approximately a year, Defendant hired a new, thirty two (32) year old

10  manager, Chris Chase, to run the region where both Alan Jacobs and Plaintiff worked. At

11  that point many changes were implemented including the reclassification of all of the

12  property damage appraisers as hourly non-exempt employees from salaried, exempt

13  employees.

14  16.    As a result of the reclassification of the property damage appraisers, management

15  would need to pay them overtime pay should they work over the forty-hour workweek

16  that they were used to working. With respect to Plaintiff, her territory was the largest of

17  the group mandating that she travel from 3,500 – 4,000 miles per month to appraise cars.

18  The other property damage appraisers were traveling about half of that. In addition to that,

19  she was allocated an overwhelming majority of the "gate-keeps." "Gate-keeps" is an

20  industry term for when a customer obtains their own appraisal and sends it to the property

21  damage appraiser for handling. The gate-keeps, by nature, are time consuming. In

22  addition, even given the number that she was handling, they were not counted on

23  Plaintiff's production times. Because of these factors, her workload was such that she was

24  unable to complete it all within the allotted forty-hour workweek. This was not a problem

25  when she was classified as an exempt employee, but with the reclassification to non-

26  exempt, she needed to put in for overtime hours.

27

28

17.     Shortly after Mr. Chase was hired, Plaintiff is informed and believes and thereon alleges, that there was a concerted campaign by management to reorganize the way that the divisions operated as well as to terminate all of the field adjusters over forty (40) years of age and to replace them with younger, cheaper workers who were not part of the old system.

18.     The campaign of ridding Defendant of the older field adjusters took on a common form; first, an individual would be signaled out for scrutiny and then Alan Jacobs would scrutinize their work, constantly and continually harass them, reprimand them when they requested overtime hours to complete their work, manufacture elusive "claim standards" that were to be met, fabricate misdeeds to attribute to the employee, "counsel" the employee on how to improve, set unrealistic and unachievable goals for the employee to strive for as a condition of continued employment, all the while setting the employee up for failure, harassing them, provide to them verbal and written warnings, offer them an early termination package to escape the ordeal, and, if that was refused, terminate the employee shortly thereafter.

19.     Prior to Plaintiff, Defendant's roadmap to termination claimed her fellow employees, Alex Campbell, John Wyer, Craig Rubin and Paul Aquino, among others. In each and every case, the older property damage appraiser was replaced by an individual much younger, most times in their twenty's and in all cases under forty years of age. Plaintiff and each of her fellow employees complained about the unfair and harassing treatment, but to no avail. In fact, there appeared to be retaliation to all of the employees for their bringing up Defendant's unlawful conduct up their chain of supervisory command.

20.     The specific campaign against Plaintiff began in earnest sometime after the termination of Paul Aquino. Her supervisor, Alan Jacobs would constantly harass her and manufacture incidences of her shortcomings and would then utilize these fabrications against her. He would ride with her during the course of her business day and while doing so, he would harass her and he would further indicate to her that her employment was

1   essentially over. The harassment would continue and he would require her to attend

2   meetings with him, often at a fast food restaurant, where he would appear, disheveled and

3   unkempt, wearing soiled clothing and with his children in tow. He would use these

4   "business meetings" to "counsel" her and to reprimand her for her shortcomings. His

5   campaign of harassment was so intense and so cruel that it caused her to get physically ill

6   requiring a doctor's care and time off from work. It was when Plaintiff was on a doctor's

7   mandated time off from work, directly linked to Defendant's harmful, harassing and

8   menacing actions, that Defendant terminated her on April 5, 2010.

9   21.    Plaintiff is informed and believes and thereon alleges that Defendants took no

10   action to investigate the age discrimination complaints or the complaints of her

11   supervisor's harassment or otherwise responded to any of the concerns and inquiries that

12   she had made in writing.    Instead, on April 5, 2010, Defendant's terminated Plaintiff

13   while she was on a medical leave.

14   22.    Plaintiff is informed and believes, and thereon alleges, that her age was a

15   substantial factor in Defendants' decision to discriminate against and terminate her in

16   violation of the California Fair Employment and Housing Act, California Government

17   Code Section 12940 et seq. ("FEHA"), and in violation of California public policy.

18   23.    Plaintiff is informed and believes that Defendants failed to prevent age

19   discrimination in violation of the FEHA.

20   24.    Plaintiff has properly exhausted her administrative remedies as required by law by

21   filing complaints with the Department of Fair Employment and Housing (DFEH) in 2010,

22   and received a "Right-to-Sue" Notices (the "Notices") from the DFEH in July of 2010.

23                          **FIRST CAUSE OF ACTION**

24   **AGE DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT**

25                          **CODE § 12940 ET SEQ.**

26                          (Against All Defendants)

27   25.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as

28   though fully set forth herein.

26.     At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, since each of the Defendants regularly employed five or more persons.  Under the FEHA, it is an unlawful employment practice for an employer, because of the age of a person, to discharge the person from employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

27.     Defendants were at all times material hereto employers within the meaning of the FEHA and, as such, were barred from discriminating in employment decisions on the basis of age, as set forth in California Government Code § 12940.

28.     Plaintiff is informed and believes and thereon alleges that Defendants discriminated against Plaintiff on the basis of her age. Defendants orchestrated a campaign to terminate all of the field adjuster over the age of forty of which Plaintiff was one. Furthermore, Plaintiff's age was a substantial factor in Defendants' decision to terminate her. In each case of all of the employees named herein, a worker substantially younger than the terminated employees replaced each.

29.     By the discriminatory acts and conduct of Defendants, Plaintiff have been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earning and future earning capacity, attorneys' fees and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.  Plaintiff also claim such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

30.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff, has been caused to, and did, suffer and continue to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety.  The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

31.     In addition, pursuant to Government Code 12965(b), Plaintiff is entitled to her attorneys' fees in prosecuting this lawsuit.

32.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

33.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and each of them, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

## AGE HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(j)

### (Against All Defendants)

34.     Plaintiff realleges and incorporates Paragraphs 1 through 33 above as though fully set forth herein.

35.     The actions of Defendants, as described in this Complaint, constitute unlawful harassment and discrimination.

36.     The harassment and discrimination by Defendants created a hostile, intimidating, and oppressive work environment for Plaintiff, whereby the condition of her employment was adversely affected.  Moreover, the harassment and discrimination impeded Plaintiff's progress and the enjoyment of her employment with Defendants.

37.     Defendants' harassment and discrimination described in this Complaint violate the Fair Employment and Housing Act as promulgated in Government Code Section 12940 et seq. and other state and federal statutes that prohibit harassment and discrimination in employment, including the California Constitution and Civil Rights Act, as amended.

38.     As a direct and proximate result of Defendant's harassment and discrimination, Plaintiff has suffered and will continue to suffer damages in an amount within the

1  jurisdiction of this Court, the exact amount to be proven at trial. Such damages include

2  loss of salary and other valuable employment benefits, prejudgment interest and interest

3  on the sum of damages at the legal rate, and other consequential damages, including

4  damages for shame, humiliation, mental anguish, and emotional distress caused by the

5  conduct of Defendants and each of them.

6  39.    In addition, pursuant to Government Code 12965(b), Plaintiff are entitled to their

7  attorneys' fees in prosecuting this lawsuit.

8  40.    Because the wrongful acts against Plaintiff were carried out, authorized, or ratified

9  by Defendants' directors, officers and/or managing agents, acting with malice, oppression

10  or fraud, or were deliberate, wilful, and in conscious disregard of the probability of

11  causing injury to these Plaintiff, as reflected by the actions as described earlier in this

12  Complaint, they seek punitive damages against Defendants, and each of them, in order to

13  deter them from such and similar conduct in the future.

14                          **THIRD CAUSE OF ACTION**

15  **FAILURE TO PREVENT DISRIMINATION IN VIOLATION OF CALIFORNIA**

16                  **GOVERNMENT CODE § 12940(j) and (k)**

17                          (Against All Defendants)

18  41.    Plaintiff realleges and incorporates Paragraphs 1 through 40 above as though fully

19  set forth herein.

20  42.    At all times mentioned herein, the FEHA, including but not limited to FEHA

21  Sections 12940 (j) and (k), were in full force and effect and were binding upon

22  Defendants and each of them. These sections impose on an employer a duty to take

23  immediate and appropriate corrective action to end discrimination and harassment and

24  take all reasonable steps necessary to prevent discrimination and harassment from

25  occurring.

26  43.    Defendants, and each of them, harassed and discriminated against these Plaintiff,

27  and each of them because of their age.

28

44.    Defendants knew that their employees were harassing Plaintiff because of their age but Defendants failed to take immediate and appropriate corrective action to end the discrimination and harassment.  Defendants also failed to take all reasonable steps necessary to prevent the harassment and discrimination from occurring.

45.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment and in failing and/or refusing to take reasonable steps necessary to prevent harassment and discrimination from occurring, Defendants violated FEHA Sections 12940 (j) and (k), causing Plaintiff to suffer damages, as set forth above.

46.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff have suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.   Plaintiff claim such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

47.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff, has suffered and continues to suffer emotional distress, anger, humiliation, mental anguish, and embarrassment.  Plaintiff are informed and believe and thereupon alleges that they will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

48.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff, and each of them, have been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

49.    The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights of

1    Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish

2    and make an example of Defendants, and each of them.

3                          **FOURTH CAUSE OF ACTION**

4    **RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND**

5                    **HOUSING ACT SECTION § 12940(h)**

6                          (Against All Defendants)

7    50.    Plaintiff realleges and incorporates Paragraphs 1 through 50 above as though fully

8    set forth herein.

9    51.    Plaintiff complained to their superiors about the discrimination and harassment that

10   she suffered while employed for Defendants.

11   52.    Subsequent to Plaintiff's complaints to her superiors Defendants took adverse

12   actions against her, including but not limited, harassing her and terminating her

13   employment for no legitimate reason.

14   53.    Defendants' behavior constitutes unlawful retaliation against Plaintiff for

15   exercising her legal rights to protest age harassment and discrimination in the workplace.

16   Defendants' conduct is unlawful retaliation in violation of the Fair Employment and

17   Housing Act promulgated in Government Code Section 12940(h).

18   54.    As a direct and proximate result of Defendant's harassment and discrimination,

19   Plaintiff has suffered and will continue to suffer damages in an amount within the

20   jurisdiction of this Court, the exact amount to be proven at trial.  Such damages include

21   loss of salary and other valuable employment benefits, prejudgment interest and interest

22   on the sum of damages at the legal rate, and other consequential damages, including

23   damages for shame, humiliation, mental anguish, and emotional distress caused by the

24   conduct of Defendants and each of them.

25   55.    In addition, pursuant to Government Code 12965(b), Plaintiff is entitled to her

26   attorneys' fees in prosecuting this lawsuit.

27   56.    Because the wrongful acts against Plaintiff were carried out, authorized, or ratified

28   by Defendants' directors, officers and/or managing agents, acting with malice, oppression

                                            11

1    or fraud, or were deliberate, wilful, and in conscious disregard of the probability of

2    causing injury to Plaintiff, as reflected by the actions as described earlier in this

3    Complaint, she seeks punitive damages against Defendants, and each of them, in order to

4    deter them from such and similar conduct in the future.

5    **FIFTH CAUSE OF ACTION**

6    **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

7    (Against All Defendants)

8    58.    Plaintiff realleges and incorporates Paragraphs 1 through 57 above as though fully

9    set forth herein.

10    59.    At all times herein mentioned Plaintiff were fully competent to perform the duties

11    to which she were assigned.

12    60.    Plaintiff's age was a substantial factor in Defendants' decision to terminate

13    Plaintiff.

14    61.    Plaintiff's discharge was wrongful in that it violated the fundamental public policy

15    of this State prohibiting discrimination on the basis of age. This public policy is

16    embodied in California Fair Employment and Housing Act, California Government Code

17    Section 12940 et seq., which states that it shall be unlawful to discharge a person on the

18    basis of age.

19    62.    As a proximate result of the wrongful acts of Defendants, and each of them,

20    Plaintiff has suffered and continues to suffer actual, consequential and incidental financial

21    losses, including without limitation, loss of salary and benefits, emotional distress,

22    humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof

23    at the time of trial.

24    63.    Because the wrongful acts against Plaintiff were carried out, authorized, or ratified

25    by Defendants' directors, officers and/or managing agents, acting with malice, oppression

26    or fraud, or were deliberate, wilful, and in conscious disregard of the probability of

27    causing injury to Plaintiff, as reflected by the actions as described earlier in this

28

12
COMPLAINT

1   Complaint, they seek punitive damages against Defendants, and each of them, in order to

2   deter them from such and similar conduct in the future.

3   **SIXTH CAUSE OF ACTION**

4   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

5   (Against All Defendants)

6   64.     Plaintiff realleges and incorporates herein Paragraphs 1 through 63, above as

7   though fully set forth.

8   65.     Defendants were in a position of power over these Plaintiffs with the potential to

9   abuse that power. Plaintiff was in a vulnerable position because of her relative lack of

10   power; she depended on her employment for her self-esteem and sense of belonging; she

11   relied upon her employment as a source of income for her support and the support of her

12   family; and the wrongful termination of her employment harmed her ability to find other

13   employment. Defendants were aware of this vulnerability and the reasons for it.

14   66.     Defendants' discharge of Plaintiff and the manner in which they accomplished it

15   was outrageous in that Plaintiff was discriminated against and terminated because of her

16   age, and in that Defendants at all times intended to discriminate against and discharge

17   Plaintiff, leaving Plaintiff without her employment and without the income, sense of self

18   worth, and security that she derived from her employment, and that Defendants knew she

19   derived from her employment.

20   67.     This conduct by Defendants was intended to cause Plaintiff emotional distress or

21   was done with reckless disregard of the probability of causing Plaintiff severe emotional

22   distress.

23   68.     Plaintiff suffered severe emotional distress as a legal result of Defendants'

24   outrageous conduct. Plaintiff suffered severe mental distress, suffering, and anguish as an

25   actual result of Defendants' outrageous conduct, reacting to her discharge with

26   humiliation, embarrassment, anger, disappointment and worry, all of which is substantial

27   and enduring.

28   **SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §2802**

(Against All Defendants)

69.     Plaintiff realleges and incorporates Paragraphs 1 through 68 above as though fully set forth herein.

70.     Labor Code § 2802(a) provides that an employer must reimburse employees for all necessary expenditures.

71.     Plaintiff incurred business-related costs on behalf of Defendants.  Defendants failed to reimburse Plaintiff for all costs that she incurred on their behalf.

72.     As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of pay in an amount to be determined at trial. Plaintiff is entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

(Against All Defendants)

73.     Plaintiff realleges and incorporates Paragraphs 1 through 72 above as though fully set forth herein.

74.     Defendants have engaged in unfair and unlawful business practices as set forth above.

75.     Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

76.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business & Profession Code §17200, et seq.

77.     Defendants have violated statutes and public policies.  Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving these Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

14

COMPLAINT

78. Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Profession Code §17200, et seq., plus interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff prays for judgment as follows:

1.   For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings, employee benefits, pain and suffering, according to proof, together with prejudgment interest

2.   For general damages, according to proof;

3.   For special damages, according to proof;

4.   For loss of earnings, according to proof;

5.   For attorneys' fees, according to proof;

6.   For prejudgment interest, according to proof;

7.   For punitive and exemplary damages, according to proof;

8.   For costs of suit incurred herein;

9.   For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, according to proof; and

10.  For such other relief and the Court may deem just and proper.

DATED: April 4, 2011

By _____
Thomas L. Fox
Attorneys for Plaintiff
Wendy Lucas


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury.

15
COMPLAINT

1

2   DATED: April 4, 2011                    T.L. Fox & Associates

3

4                                           By

5                                           Thomas L. Fox
                                            Attorneys for Plaintiff
6                                           Wendy Lucas

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC458746

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

### *Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005. This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By_____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ORIGINAL FILED

| | |
|---|---|
| NOTICE SENT TO:<br><br>Fox, Thomas L., Esq.<br>T.L. Fox & Associates<br>16133 Ventura Blvd., Suite 1200<br>Encino          CA   91436 | FILE STAMP<br><br>APR 8 ~ 2011<br><br>**LOS ANGELES**<br>**SUPERIOR COURT** |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| WENDY LUCAS<br><br>                                   Plaintiff(s),<br>                    VS.<br><br>HARTFORD FIRE INSURANCE COMPANY<br>                              Defendant(s). | **CASE NUMBER**<br><br>BC458746<br><br>**ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record: **THOMAS FOX, ESQ.**

You are ordered to appear for an Order to Show Cause Hearing on June 7, 2011 at 8:30 am in Dept. 58 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: ALL DEFENDANTS

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room 102 at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: April 8, 2011

**ROLF M. TREU**

Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  April 8, 2011

                                        John A. Clarke, EXECUTIVE OFFICER/CLERK

                                        By  Robert Lee                    , Deputy Clerk

## ORDER TO SHOW CAUSE HEARING

ORIGINAL FILED

**FILE STAMP**

APR 8 - 2011

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Fox, Thomas L., Esq.
T.L. Fox & Associates
16133 Ventura Blvd., Suite 1200
Encino          CA  91436

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| WENDY LUCAS  **Plaintiff(s)**, <br><br> VS. <br><br> HARTFORD FIRE INSURANCE COMPANY  **Defendant(s)**. | **CASE NUMBER** <br><br> BC458746 <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>July 11, 2011</u> at <u>8:30 am</u> in <u>Dept. 58</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

**ROLF M. TREU**

Date: <u>April 8, 2011</u>

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[x] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>April 8, 2011</u>

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT B

COPY

BY FAX

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 24 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUNA WESLEY

1   CRAIG G. STAUB, Bar No. 172857
    ELIZABETH NGUYEN, Bar No. 238571
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5   Fax No.:     310.553.5583

6   Attorneys for Defendant
    HARTFORD FIRE INSURANCE COMPANY

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES

10   WENDY LUCAS,                       Case No. BC458746

11             Plaintiff,               ASSIGNED FOR ALL PURPOSES TO
                                    JUDGE ROLF M. TREU
12       v.

13   HARTFORD FIRE INSURANCE         ANSWER TO PLAINTIFF'S COMPLAINT
    COMPANY, A CONNECTICUT
14   CORPORATION DOING BUSINESS IN     Trial Date: None
    CALIFORNIA AS "THE HARTFORD";     Complaint Filed: April 5, 2011
15   AND DOES 1 THROUGH 100,
    INCLUSIVE,
16

17             Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:101554636.1 016869.2000

Answering Plaintiff WENDY LUCAS' ("Plaintiff") Complaint ("Complaint"), Defendant HARTFORD FIRE INSURANCE COMPANY (referred to herein as "Defendant") responds as follows:

## GENERAL DENIAL

Defendant generally and specially denies each and every allegation of the Complaint, and the whole thereof, pursuant to section 431.30 of the California Code of Civil Procedure. Defendant further denies that Plaintiff has been damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. By asserting the defenses, Defendant does not concede it has the burden of proof as to any affirmative defense asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### SEPARATE AND AFFIRMATIVE DEFENSE

1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### SEPARATE AND AFFIRMATIVE DEFENSE

2.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent and/or waiver.

### SEPARATE AND AFFIRMATIVE DEFENSE

3.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

Firmwide:101554636.1 016869.2000                    1

ANSWER TO PLAINTIFF'S COMPLAINT

1    **SEPARATE AND AFFIRMATIVE DEFENSE**

2        4.    As a separate and distinct affirmative defense, Defendant is informed and believes

3    that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

4    that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

5    the doctrine of laches.

6    **SEPARATE AND AFFIRMATIVE DEFENSE**

7        5.    As a separate and distinct affirmative defense, Defendant is informed and believes

8    that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

9    that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

10   the doctrine of unclean hands.

11   **SEPARATE AND AFFIRMATIVE DEFENSE**

12       6.    As a separate and affirmative defense, Defendant alleges that Plaintiff's claims are

13   barred, in whole or in part, to the extent that Plaintiff failed to timely invoke and/or fully exhaust her

14   administrative remedies under the California Fair Employment and Housing Act, California

15   Government Code section 12920 *et seq.*, or to the extent her claims exceed the scope of any

16   administrative claims which may have been filed by her with the California Department of Fair

17   Employment and Housing.

18   **SEPARATE AND AFFIRMATIVE DEFENSE**

19       7.    As a separate and affirmative defense, Defendant alleges that the conduct towards

20   Plaintiff by Defendant and/or its representatives was undertaken by reason of business necessity

21   and/or for lawful business reasons.

22   **SEPARATE AND AFFIRMATIVE DEFENSE**

23       8.    As a separate and distinct affirmative defense, Defendant is informed and believes

24   that a reasonable opportunity for investigation and discovery may reveal, and on that basis alleges,

25   that to the extent that during the course of this litigation it acquires any evidence of additional

26   wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions

27   of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or

28   terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:101554636.1 016869.2000

2.

ANSWER TO PLAINTIFF'S COMPLAINT

1   reduce such claim as provided by law.

2   **SEPARATE AND AFFIRMATIVE DEFENSE**

3   9.    As a separate and distinct affirmative defense, Defendant is informed and believes

4   that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

5   that Plaintiff's claims are barred by her own breaches of duties owed to Defendant under Labor Code

6   section 2854 and/or sections 2856 to 2859.

7   **SEPARATE AND AFFIRMATIVE DEFENSE**

8   10.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

9   and each cause of action set forth therein cannot be maintained against Defendant insofar as each

10   purported cause of action set forth therein is barred, in whole or in part, by the applicable statutes of

11   limitations including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a),

12   340(a) and 343 and/or California Government Code sections 12960 and 12965(b).

13   **SEPARATE AND AFFIRMATIVE DEFENSE**

14   11.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

15   and each cause of action set forth therein seeking damages for emotional and/or physical injury are

16   preempted and barred by the exclusive remedy provisions of the California Workers' Compensation

17   Act, California Labor Code section 3600, *et seq.,* and Section 132a of the California Labor Code, in

18   that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to

19   California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was

20   performing services incidental to her employment and was acting within the course and scope of her

21   employment; and (3) Plaintiff alleges that the injuries were caused by her employment, and

22   accordingly, this Court lacks subject matter jurisdiction over said claims.

23   **SEPARATE AND AFFIRMATIVE DEFENSE**

24   12.    As a separate and affirmative defense, Defendant alleges that if Plaintiff suffered any

25   emotional distress, which Defendant denies, Plaintiff contributed to her own distress and, by reason

26   of her contribution, any remedy to which she might be entitled must be denied or reduced

27   accordingly.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:101554636.1 016869.2000

3.

ANSWER TO PLAINTIFF'S COMPLAINT

1

### SEPARATE AND AFFIRMATIVE DEFENSE

2      13.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff

3 suffered any damages, such damages were proximately or legally caused by the breach of duties

4 and/or misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of

5 damages is several and must be reduced in whole or in part, or apportioned in proportion to the

6 percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.

7

### SEPARATE AND AFFIRMATIVE DEFENSE

8      14.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has

9 suffered damages, which Defendant denies, such damages were proximately caused by factors other

10 than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf, or

11 either of these.

12

### SEPARATE AND AFFIRMATIVE DEFENSE

13      15.    As a separate and distinct affirmative defense, Defendant alleges on the belief that

14 further discovery may disclose facts supporting such defense, that any recovery to which Plaintiff

15 might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be

16 reduced by reason of Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate her

17 damages.

18

### SEPARATE AND AFFIRMATIVE DEFENSE

19      16.    As a separate and affirmative defense, Defendant alleges, on the belief that further

20 discovery may disclose facts supporting such defense, that the Complaint and each cause of action

21 set forth therein cannot be maintained against it because, to the extent any employee engaged in any

22 unlawful conduct, such conduct was committed outside the course and scope of such employee's

23 employment, was not authorized, adopted or ratified by Defendant, and/or Defendant did not know,

24 nor should it have known, of such conduct.

25

### SEPARATE AND AFFIRMATIVE DEFENSE

26      17.    As a separate and affirmative defense, Defendant alleges, that some or all of

27 Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged,

28 Plaintiff was an at-will employee and therefore could be terminated with or without cause at any

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:101554636.1 016869.2000                    4.

ANSWER TO PLAINTIFF'S COMPLAINT

1   time for any reason pursuant to California Labor Code section 2922, subdivision (a).

2   **SEPARATE AND AFFIRMATIVE DEFENSE**

3   18.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not

4   entitled to recover any punitive damages because the Complaint and each cause of action set forth

5   therein fail to plead facts sufficient to support the recovery of punitive damages under California

6   Civil Code section 3294.

7   **SEPARATE AND AFFIRMATIVE DEFENSE**

8   19.   As a separate and distinct affirmative defense, Plaintiff is not entitled to recover

9   punitive damages because the imposition of such damages violates the United States and California

10   Constitutions in that; 1) such damages are so punitive in purpose and effect as to constitute a

11   criminal penalty, entitling Defendant to rights to be given to defendant in criminal proceedings under

12   the United States and California Constitutions; 2) such damages constitute an impermissible

13   restriction on speech and a violation of the First Amendment of the United States Constitution; 3) the

14   imposition of such damages would violate Defendant's rights to due process and/or equal protection

15   under the law, under the United States and California Constitutions; and 4) the California punitive

16   damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

17   **SEPARATE AND AFFIRMATIVE DEFENSE**

18   20.   As a separate and distinct affirmative defense to the Complaint, the Complaint and

19   each cause of action set forth is barred, in whole or in part, by the doctrine of avoidable

20   consequences because Defendant (a) maintained an anti-discrimination policy and/or open door

21   policies with a complaint procedure; and (b) Plaintiff unreasonably failed to take advantage of any

22   preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. *State*

23   *Dept. of Health Servs. v. Super. Ct. (McGinnis)*, 31 Cal. 4th 1026 (2003).

24   **SEPARATE AND AFFIRMATIVE DEFENSE**

25   21.   As a separate and affirmative defense, Defendant alleges, without admitting to the

26   existence of any duties or obligations as alleged in the Complaint, that any duty or obligation,

27   contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed,

28   satisfied, or discharged.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA. 90067 3107
310 553 0308

Firmwide:101554636.1 016869.2000

5.

ANSWER TO PLAINTIFF'S COMPLAINT

1   **SEPARATE AND AFFIRMATIVE DEFENSE**

2   22.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

3   Complaint, and each cause of action set forth therein, cannot be maintained because, without

4   admitting that it engaged in any of the acts alleged, Defendant alleges that any conduct and/or

5   statements attributed to Defendant or its employees by Plaintiff were justified, made in good faith,

6   for legitimate non-discriminatory and non-retaliatory reasons, was protected by the managerial

7   privilege and/or was privileged pursuant to California law including, but not limited to, California

8   Civil Code sections 47(b)(2) and 47(c).

9   **SEPARATE AND AFFIRMATIVE DEFENSE**

10   23.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint

11   and each cause of action set forth therein cannot be maintained because Defendant acted reasonably

12   and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant

13   at the time it acted.

14   **SEPARATE AND AFFIRMATIVE DEFENSE**

15   24.   As a separate and distinct affirmative defense, Defendant alleges, without admitting

16   that Defendant engaged in any of the acts or omissions attributed to it in the Complaint, any such

17   acts or omissions were undertaken by reason of business necessity and/or for lawful business reasons

18   and/or for legitimate business purposes which were necessary to the efficient operation of the

19   business.

20   **SEPARATE AND AFFIRMATIVE DEFENSE**

21   25.   As a separate and distinct affirmative defense to the Complaint, Defendant alleges

22   that the Complaint and each cause of action set forth therein cannot be maintained against Defendant

23   because, at all relevant times, Defendant took prompt and appropriate corrective action in response

24   to Plaintiff's concerns, if any, thereby satisfying all legal obligations Defendant had to Plaintiff.

25   **SEPARATE AND AFFIRMATIVE DEFENSE**

26   26.   As a separate and distinct affirmative defense, Defendant alleges that its conduct

27   towards Plaintiff was fully justified based upon its judgment of differences in individual

28   performance, qualifications, skill, effort, responsibility, merit or other bona fide occupational

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

Firmwide:101554636.1 016869.2000     6.

ANSWER TO PLAINTIFF'S COMPLAINT

1    qualifications.

2                    **SEPARATE AND AFFIRMATIVE DEFENSE**

3         27.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

4    and each cause of action set forth therein cannot be maintained as Plaintiff's Complaint fails to state

5    facts sufficient to state a claim for general and/or compensatory damages, including, but not limited

6    to loss of wages and other economic damages.

7                    **SEPARATE AND AFFIRMATIVE DEFENSE**

8         28.    As a separate and distinct affirmative defense, Defendant alleges that any recovery to

9    which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other

10   monies and/or benefits that Plaintiff has received or will receive, whether through employment,

11   disability insurance, unemployment insurance, workers' compensation or otherwise.

12                   **SEPARATE AND AFFIRMATIVE DEFENSE**

13        29.    As a separate and distinct affirmative defense, Plaintiff's request for special damages

14   is barred for failure to allege them with specificity.

15                   **SEPARATE AND AFFIRMATIVE DEFENSE**

16        30.    As a separate and affirmative defense, Defendant is informed and believes that further

17   investigation and discovery will reveal, and on that basis allege, that some or all of Plaintiff's claims

18   are barred because, without admitting that it engaged in any of the acts alleged, to the extent any

19   allegations or causes of action alleged in the Complaint rely upon any verbal or non-verbal speech or

20   expression, such allegations or causes of action are barred by the protections of free speech and

21   expression contained in Article I, Section 2 of the Constitution of the State of California and the First

22   Amendment of the United States Constitution.

23                   **SEPARATE AND AFFIRMATIVE DEFENSE**

24        31.    As a separate and affirmative defense, Defendant alleges that Plaintiff's claims under

25   California Labor Code section 200, *et seq.,* specifically section 2802, are barred, in whole or in part,

26   because there is no private right of action under such sections.

27            WHEREFORE, Defendant prays that:

28            1.    Plaintiff's Complaint be dismissed in its entirety with prejudice and Plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

Firmwide:101554636.1 016869.2000                                7.

ANSWER TO PLAINTIFF'S COMPLAINT

1   takes nothing by way of her Complaint;

2          2.    Defendant be awarded judgment in its favor and against Plaintiff;

3          3.    Defendant recovers costs of suit and attorneys' fees incurred herein; and

4          4.    The Court grant Defendant such other and further relief as it deems just and

5   proper.

7   Dated: May 24, 2011

                                        _____

                                        CRAIG G. STAUB
                                        ELIZABETH NGUYEN
                                        LITTLER MENDELSON
                                        A Professional Corporation
                                        Attorneys for Defendant
                                        HARTFORD FIRE INSURANCE COMPANY

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:101554636.1 016869.2000

ANSWER TO PLAINTIFF'S COMPLAINT

1                               **PROOF OF SERVICE**

2

3           I am a resident of the State of California, over the age of eighteen years, and not a

4    party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,

5    California 90067.3107. On May 24, 2011, I served the within document(s):

6           **ANSWER TO PLAINTIFF'S COMPLAINT**

7    ☐   by facsimile transmission on that date. This document was transmitted by using a
8        facsimile machine that complies with California Rules of Court Rule 2003(3),
         telephone number 310.553.5583. The transmission was reported as complete and
9        without error. The names and facsimile numbers of the person(s) served are as set
         forth below.

10

11   ☒   by placing a true copy of the document(s) listed above for collection and mailing
         following the firm's ordinary business practice in a sealed envelope with postage
12       thereon fully prepaid for deposit in the United States mail at Los Angeles,
         California addressed as set forth below.

13

14   ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
         fees provided for, in an overnight delivery service pick up box or office designated
15       for overnight delivery, and addressed as set forth below.

16   ☐   by personally delivering a copy of the document(s) listed above to the person(s) at
         the address(es) set forth below.

17   ☐   Based on a court order or an agreement of the parties to accept service by e-mail or
         electronic transmission, I caused the documents to be sent to the persons at the e-
18       mail addresses on the attached service list on the dates and at the times stated
         thereon. I did not receive, within a reasonable time after the transmission, any
19       electronic message or other indication that the transmission was unsuccessful. The
         electronic notification address of the person making the service is
20       _____@littler.com.

21   Thomas L. Fox, Esq.
22   16133 Ventura Blvd., Suite 1200
     Encino, CA 91436

23

24           I am readily familiar with the firm's practice of collection and processing

25   correspondence for mailing and for shipping via overnight delivery service. Under that practice it

     would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
26
     deposited in an overnight delivery service pick-up box or office on the same day with postage or fees
27
     thereon fully prepaid in the ordinary course of business.
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:101556264.1 016869.2000

1    I declare under penalty of perjury under the laws of the State of California that the

2 above is true and correct. Executed on May 24, 2011, at Los Angeles, California.

3

4

5              Rita Ann Jones

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:101556264.1 016869.2000      2.

PROOF OF SERVICE

# EXHIBIT C

 **LexisNexis®**

FOCUS - 18 of 19 DOCUMENTS

Copyright LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*Mealey's CA Jury Verdicts & Settlements 3*

**HEADLINE:** Terminated California Employee Wins $415,000 Against Employer After He Was Terminated For Reporting Pollution

**Case Name:** Donald R. Vick v. Pacifica Services, Inc.

**Case Number:** GIC732276

**Court:** Calif. Super., San Diego Co.

**Judge:** Jay M. Bloom

**Verdict/Settlement (breakdown):** $415,000 plaintiff verdict ($40,000 for economic damages, $150,000 for emotional distress damages and $225,000 for punitive damages)

**Plaintiff(s):** Donald R. Vick

**Defendant(s):** Pacifica Services Inc.

**Date:** N/A

**Claim:** Wrongful termination

**Background:** After Donald R. Vick reported to local governmental authorities that employees of Pacifica Services Inc. (PSI) had been illegally dumping hazardous waste materials, the general manager of PSI's San Diego facility told him in an openly hostile and threatening manner in front of various witnesses that he was fired. Vick left the workplace and never returned. About two weeks later, the general manager again fired Vick, this time in writing with the prior approval of a senior PSI officer, on grounds of job abandonment. PSI thereafter sent a letter to Vick asking him to return to work, but Vick refused the reinstatement offer and sued PSI for wrongful termination in violation of public policy in the San Diego County Superior Court.

**Other:** The judgment was affirmed on appeal with costs to Vick.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 2/4/2009

Westlaw.

JVR No. 803423

JVR No. 803423 (Unknown State Ct. (Cal.)), 2002 WL 31415020

COPR. (C) 2008 LRP Publications

Unknown California State Ct.

SHAY v. TG CONSTRUCTION INC.

SC 028511

DATE OF TRIAL: January, 2002

TOPIC:

SUMMARY
Punitive: $325,000
Hedonic: $
Other: $
Interest: $
Loss of Services: $

Claimed Past Medical: $
Claimed Future Medical: $
Claimed Past Wage Expense: $12,500
Claimed Future Wage Expense: $
Plaintiff's Economist: $
Defendant's Economist: $

EXPERT-WITNESSES:

ATTORNEY:
Plaintiff: Donald M Adams, Ventura, CA
Defendant: Andrew B. Kaplan, Los Angeles, CA

RANGE AMOUNT: $200,000-499,999

STATE: California
COUNTY: Ventura

SUMMARY
PLAINTIFF:
Sex: Male
Age: 49
General Occupation: MIDDLE MANAGEMENT
Occupational Field: Construction-general

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Page 2

PRIMARY STATUTE OR GROUND: Disability Discrimination-ADA
SECONDARY STATUTE OR GROUND:
GENERAL ENTITY TYPE: Service Industry
SPECIFIC ENTITY TYPE: Construction
ADVERSE EMPLOYMENT ACTION: Termination
AMOUNT OF AWARD AFTER STATUTORY LIMIT: $
ATTORNEY'S FEES: $88,161
DAMAGES:
Past Medical: $
Future Medical: $
Past Wage: $
Future Wage: $
Pain and Suffering: $137,500
Other: $
Total: $137,500
Punitive: $325,000
Hedonic: $
Other: $
Interest: $
Loss of Services: $

FACTS:

A 49-year-old male field superintendent sued the defendant construction company
claiming disability discrimination and wrongful discharge in violation of the
Americans with Disabilities Act. The plaintiff alleged that he was wrongfully ter-
minated by the defendant when he returned to work with crutches after surgery and
complications with his right leg. The defendant denied the allegations, any know-
ledge of a disability and claimed that the plaintiff was terminated because he re-
peatedly failed to follow directions and made several critical errors on the con-
struction job he was overseeing.

LRP Publications

COURT:

 JVR No. 803423 (Unknown State Ct. (Cal.)), 2002 WL 31415020

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Westlaw 

2 Trials Digest 3d 109

2 Trials Digest 3d 109 (Cal.Superior), 1997 WL 828516

Copyright (c) 2008 Thomson/West

Superior Court, Orange County, California.

Brown vs. LNP Engineering Plastics Inc.

**TOPIC:**
Synopsis: Plastics manufacturer fails to accommodate employee's sleep disorder disability
Case Type: Employment; Discrimination; Employment; Breach of Contract

**DOCKET NUMBER:** 760384

**STATE:** California
**COUNTY:** Orange

**Verdict/Judgment Date:** June 30, 1997

**JUDGE:** James W. Cook

**ATTORNEYS:**
Plaintiff: Walter H. Root, Law Offices of Walter H. Root, Irvine.
Defendant: Cynthia E. Gitt, Epstein, Becker & Green, Los Angeles.;   Ralph M. Semien, Epstein, Becker & Green, Los Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,029,601

**Range:** $1,000,000-$1,999,999

$292,601 special damages, $70,000 general damages and $667,000 punitive damages.
Trial Type: Jury
Trial Length: 13 days.
Deliberations: 12 hours, phase 1; 4 hours, phase 11.
Jury Poll: Mixed poll.

**EXPERTS:**
Plaintiff: Wayne H. Lancaster Ph.D., economist, Wayne Lancaster & Associates, Fullerton, (714) 992-2653.; Jeff Sarkozi, rheumatologist, UC Irvine.
Defendant: David E. Brody, psychiatrist, Norwalk.; Peter A. Fotinakes, neurologist, Orange.; G. Michael Morris Ed.D., vocational rehabilitation consultant, Workman Morris Molina, Santa Ana, (714) 550-1271.; Daniel J. Wallace, rheumatolo-

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.



gist, Los Angeles, (310) 652-0920.; Shirley Yung, family practitioner, Fountain
Valley.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff claimed that defendant discriminated against him
by refusing his request for accommodation of his disability and by terminating him
because of poor attendance. The plaintiff was Ronald C. Brown, a 37-year-old main-
tenance mechanic. The defendant was LNP Engineering Plastics Inc., a subsidiary of
Kawasaki Steel Corp. and a plastics manufacturer.
Plaintiff was on disability leave for fatigue and body pains for a period of 11
months over a 15-month period. His disease was undiagnosed until he underwent a
sleep study several months before returning to work. The study revealed that he
had a sleep disorder which caused a 'pain amplification' effect. With proper
treatment, including a regimen of medications, orthotic devices and home exercise,
his disorder was brought under control. Nevertheless, it was a chronic condition
that required lifetime monitoring and care. Plaintiff's doctor released him to re-
turn to work with two restrictions of indefinite duration: no overtime and a lim-
itation to the first shift.
These accommodations were refused in keeping with defendant's 'fitness for duty'
rule that required all workers to be able to perform 100 percent of the functions
of their jobs before being allowed to return to work. Defendant claimed that the
ability to work overtime and have shift flexibility were essential functions of
the position of maintenance mechanic. Three weeks later, plaintiff was fired for
poor attendance based on his disability leaves of absence. His place was taken by
the temporary worker who had been hired to fill in for him. Plaintiff had received
no warnings although defendant's written policies required four warnings before
termination for poor attendance. Defendant's attendance records indicated that his
absenteeism rate was only 1.01 percent, indicating that defendant did not fault
him for absences due to disability. Defendant's witnesses unanimously admitted
that no thought had been given to firing him before he requested the accommodation
for his disability.
Plaintiff alleged that defendant's 'fitness for duty' rule was a per se violation
of the FEHA's requirement that an employer make reasonable accommodation for an
employee's known disability. Plaintiff further alleged that defendant's claim of
non-essential job functions being essential was an exclusionary practice that was
the quintessence of disability discrimination. Plaintiff also alleged that the
reason given for plaintiff's termination, poor attendance, was a pretext for dis-
ability discrimination.
Defendant contended that it did not know plaintiff had a disability and thus it
could not have discriminated against plaintiff. Defendant also contended that
plaintiff failed to engage in an interactive process with regard to his request
for accommodation; that the requested accommodation imposed an undue hardship upon

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

 

it; that plaintiff would have been a threat to his own safety or the safety of others if he was permitted to return to work; and that it would have fired him if it had known that he (allegedly) falsified his employment application. Defendant also contended that plaintiff was not truly disabled and that he was unable to perform the essential functions of his job.

**CLAIMED INJURIES**
NA

**CLAIMED DAMAGES**
According to Plaintiff: $32,720 past income; $259,881 future income; $292,601 general damages; $1,000,000 punitive damages.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Demand: $300,000 pre-litigation increased to $475,000 (CCP 998) pretrial. Offer: $25,000 increased to $40,000 before trial.

**COMMENTS**
According to Plaintiff: This case settled for an undisclosed amount with post-trial motions pending. Federal district judge Gary Taylor awarded a monetary sanction of $7,250 against defendant for improperly removing the action to federal court in order to delay the state court trial.
The jury poll was 12 to 0 on disability discrimination and a special finding of oppression; 11 to 1 on breach of contract; and 11 to 1 on punitive damages.

Trials Digest, A Thomson/West business

Orange County Superior Court

2 Trials Digest 3d 109 (Cal.Superior), 1997 WL 828516

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT D

 LexisNexis®

1 of 6 DOCUMENTS

Copyright 2000 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

2000 Mealey's CA Jury Verdicts & Settlements 326

**HEADLINE:** California Employee Awarded $5,163,600 In Age Discrimination Case

**Case Name:** Richard Herr v. Nestle U.S.A., Inc.

**Case Number:** BC165528

**Court:** Calif. Super., Los Angeles Co.

**Judge:** Robert H. O Brien

**Verdict/Settlement (breakdown):** $5,163,600 plaintiff verdict

**Plaintiff(s):** Richard Herr

**Defendant(s):** Nestle U.S.A. Inc.

**Date:** May 24, 2000

**Claim:** Age discrimination under the California Fair Employment and Housing Act, California Government Code Section 12900 et seq.; unfair competition in violation of California Business & Professions Code Section 17200

**Injury:** N/A

**State:** California

**County:** Los Angeles

**Background:** In 1985, the Carnation Company was acquired by Nestle S.A., a Swiss company. In the early 1990s, Nestle s chief executive officer and chairman of the board of directors, Helmut Maucher, decided to bring Carnation and Nestle s other American companies under one roof, resulting in the formation of Nestle U.S.A. At a management meeting, Robert Mason, an executive vice-president, presented Nestle s views regarding its Carnation employees. Mason said Carnation employees were older employees, with an average age of 43 and with 15 or 17 years of service and it was Nestle s policy to promote young, energetic people in management positions. Mason remarked that Carnation had a lot of deadwood in it and instructed that staff see about getting rid of the deadwood. Richard Herr, age 41, took a position at Carnation as an internal auditor. During the interview process, Herr was assured that Carnation promoted from within. One year later, Herr was promoted to a manager position, which was Herr s final promotion. In 1995 and after, beginning when Herr was 45 years old, he repeatedly applied for positions within the company for which he was well-qualified. In every instance, despite superior performance evaluations, the job was given to someone in his or her late 20s or early 30s who was less qualified. Herr filed suit against Nestle U.S.A. in the Superior Court of Los Angeles County.

**Other:** The Superior Court granted Herr attorney fees of $1,788,159. Herr appealed the denial of punitive damages, and Nestle appealed the judgment and the denial of its motion for judgment notwithstanding the verdict. The orders and judgment were affirmed on appeal.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 10/3/2007

 LexisNexis®

6 of 6 DOCUMENTS

Copyright LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

Mealey's CA Jury Verdicts & Settlements 10

**HEADLINE:** Former Aro Employee Recovers $522,933 In California Age Discrimination Action

**Case Name:** Richard S. Gibson v. Aro Corp., et al.

**Case Number:** C691174

**Court:** Calif. Super., Los Angeles Co.

**Judge:** Florence T. Pickard

**Verdict/Settlement (breakdown):** $522,933 plaintiff verdict (upon acceptance of remittitur, including $162,933 for economic damages, $360,000 for emotional distress, $280,000 attorney fees)

**Plaintiff(s):** Richard S. Gibson

**Defendant(s):** Aro Corp., Dennis Weaver, Jack Taylor

**Date:** N/A

**Claim:** Constructive discharge, age discrimination

**Injury:** N/A

**State:** California

**County:** Los Angeles

**Background:** Richard S. Gibson sued Aro Corp., his former employer, and Aro principals Dennis Weaver and Jack Taylor in the Superior Court of Los Angeles County, asserting a claim of constructive discharge and age discrimination. Gibson had worked for Aro as the head of its field sales force in one of the most lucrative regions of the country. After the company was acquired, Gibson was removed as sales manager based on the assessment that he was not performing as expected. The replacement achieved increased sales in the region once served by Gibson. Gibson was offered the options of continuing as a salesperson or retiring under Aro s pension plan. Gibson took the sales position. He was 60 years old. Within a matter of weeks, he had found a new job and left Aro.

LexisNexis Jury Verdicts and Settlements Report ()

**Other:** The jury awarded punitive damages of $3,275,000, and the Superior Court of Los Angeles County ordered a new trial as to those damages. The Court of Appeals of California, Second Appellate District, overturned the new trial order and reduced punitive damages to $275,000. The Appellate Court also upheld the age discrimination finding. The Supreme Court of California vacated the Appellate Court decision in light of a recent holding. On remand, the Appellate Court reversed and ordered judgment entered in favor of Aro because, as a matter of law, a demotion is not enough to compel a reasonable person to resign.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 8/13/2007

## Employment

## Plaintiff said termination based on age, disability, retaliation

| | |
|---|---|
| Verdict: | (P) $600,000.00 |
| Case Type: | Wrongful Termination, Employment - Disability Discrimination, Employment - Age Discrimination, Employment - Retaliation, Workers' Compensation |
| Case Name: | Boris Kolas v. Alticor Inc. (erroneously listed as Access Business Group, LLC), No. BC362432 |
| Venue: | Superior Court of Los Angeles County, Central, CA |
| Judge: | Michael Charles Solner |
| Date: | 01-14-2008 |

### Plaintiff(s):
Attorney(s):
- Maryann P. Gallagher; Law Offices of Maryann P. Gallagher; Los Angeles, CA, for Boris Kolas

Expert(s):
- None

### Defendant(s):
Attorney(s):
- Danielle K. Little; Creason & Aarvig, LLP; Riverside, CA, for Alticor Inc.
- Hector C. Perez; Creason & Aarvig, LLP; Riverside, CA, for Alticor Inc.
- Maria K. Aarvig; Creason & Aarvig, LLP; Riverside, CA, for Alticor Inc.

Expert(s):
- None

### Facts:
Plaintiff Boris Kolas was terminated from his job at Alticor Inc., where he had worked for more than nine years as a calibration technician. His job involved assuring that the equipment that measured weight, temperature and other aspects of the vitamins and food supplements manufactured by Alticor were proper in terms of the measurement taken and the documentation to prove that they were accurate.
Kolas sued Alticor Inc. (erroneously naming Access Business Group, LLC as the defendant), claiming that he was fired because of his age and/or because he was injured on the job; he had sustained a herniated disc prior to termination.
Alticor contended that Kolas was fired because audits done before the injury showed that he was not doing his work properly and he was subjecting the company to regulatory problems.

### Injury:

Kolas sought $112,500 in past lost income, $525,000 in future lost income and $1 million for emotional distress.

## Verdict Information:

The jury awarded Kolas $600,000, finding that his disability, age and the fact that he had filed a workers' compensation claim were motivating reasons for the decision to fire him.

**Boris Kolas**

$175,000 Personal Injury: Past Lost Earnings Capability

$225,000 Personal Injury: FutureLostEarningsCapability

$200,000 Personal Injury: noneconomic damages

## Editor's Comments:

Article provided courtesy of Trials Digest (2008 WL 496470). Copyright © 2008 Thomson Reuters/West. All Rights Reserved.

# EXHIBIT E

 **LexisNexis®**

FOCUS - 3 of 4 DOCUMENTS

Copyright LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*Mealey's CA Jury Verdicts & Settlements 6*

**HEADLINE:** California District Attorney Recovers $250,000 Verdict Against County For Retaliation Claim

**Case Name:** Laura Akers v. County of San Diego

**Case Number:** 718187

**Court:** Calif. Super., San Diego Co.

**Judge:** John S. Meyer

**Verdict/Settlement (breakdown):** $250,000 plaintiff verdict

**Plaintiff(s):** Laura Akers

**Defendant(s):** County of San Diego

**Claim:** Discrimination on the basis of gender/pregnancy in violation of the Fair Employment and Housing Act (FEHA), pregnancy discrimination in violation of the California Family Rights Act and the federal Family and Medical Leave Act, wrongful termination in violation of public policy, retaliation in violation of the FEHA and California Labor Code Section 1102.5

**Background:** Laura Akers began working as a San Diego County deputy district attorney in 1985. In 1993, Akers was assigned to the district attorney's family protection division, where she prosecuted domestic violence cases. In January 1995, Paul J. Pfingst was elected district attorney. He appointed Luis Aragon as the family protection division chief; Aragon became Akers' supervisor. Akers received her first negative evaluation soon after Aragon learned that she was pregnant and wished to remain in the office where she was located so she could be close to home. Akers was then transferred to a supervisor with whom she had previously had personality conflicts. When she complained, a district attorney who had animosity toward her husband was assigned to investigate, and an arguably biased investigation was carried out. The investigator concluded that Akers had adversely affected morale and that she did not do her fair share of work. Akers again received a negative performance evaluation. Her supervisor (a new one) was instructed to provide monthly reports covering only her work performance. Her supervisor praised her work highly. Akers took a one-year leave of absence and then decided not to return to work, her stated reason being that all of the people who had criticized her were still in their positions and that there was a black mark on her record. She sued the county in the Superior Court of San Diego County.

**Other:** The trial court reduced the amount of damages to $150,000 after conditionally granting a new trial because of jury misconduct. The court entered judgment of $150,000, plus $249,345 in attorney fees.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 7/19/2007

 **LexisNexis®**

FOCUS - 6 of 9 DOCUMENTS

Copyright LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*Mealey's CA Jury Verdicts & Settlements 6*

**HEADLINE:** Terminated City Maintenance Worker Awarded $181,439 In California Fair Employment And Housing Act Suit

**Case Name:** Michael Kerry v. City of West Covina

**Case Number:** BC279085

**Court:** Calif. Super., Los Angeles Co.

**Judge:** Susan Bryant-Deason

**Verdict/Settlement (breakdown):** $181,439 plaintiff verdict (representing general damages)

**Plaintiff(s):** Michael Kerry

**Defendant(s):** City of West Covina

**Date:** July 2003

**Claim:** Violation of the California Fair Employment and Housing Act, California Government Code Section 12900 et seq.; wrongful termination in violation of public policy

**Injury:** N/A

**Background:** Michael Kerry had been employed by the City of West Covina, California, as a lead maintenance worker for 18 years. In April 2000, while working on a concrete crew, he injured his back in the process of attempting to remove a patch of turf. Kerry returned to work with restrictions in June 2000 and was assigned light duties. In October 2001, Kerry was called in by his supervisor and told that he would be put on leave and terminated once his leave ran out. Kerry asked what he could do about being terminated, and the supervisor suggested he talk to risk management. Kerry and his wife met with a risk management supervisor and a safety and claims manager. They suggested that he go out on disability or obtain vocational training. They did not discuss alternative city employment. No one at the city told him what jobs were available or asked how any existing job could be modified so he could perform it. No one at the city ever asked what his pains and symptoms were. Kerry received a letter formally terminating him as of Oct. 17, 2001. Kerry sued the city in the Superior Court of Los Angeles County, alleging that the city violated the disability provisions of the California Fair Employment and Housing Act by discriminating on the basis of physical disability and failing to engage in the interactive process. He also alleged a separate claim for wrongful termination in violation of public policy.

**Other:** The jury rendered a verdict in favor of Kerry on his claim for violation of the disability provisions of the California Fair Employment and Housing Act, awarding him $181,439 in general damages. The Court granted a postjudgment request for $200,000 in attorney fees and $30,876 in costs. The judgment was modified on appeal to reflect that

LexisNexis Jury Verdicts and Settlements Report ()

interest would accrue at the rate of 7 percent per annum from the date of the entry of judgment until paid. As modified, the judgment was affirmed.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 10/3/2007

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 4510 SVW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WENDY LUCAS | HARTFORD FIRE INSURANCE COMPANY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas L. Fox, SBN 111046 | Craig Staub, SBN 172857/Elizabeth Nguyen, Bar No. 238571 |
| T.L. Fox & Associates | Littler Mendelson, P.C. |
| 16133 Ventura Blvd., Suite 1200 | 2049 Century Park East, 5th Floor |
| Encino, CA 91436 | Los Angeles, CA  90067.3107 |
| T: 818.995.4074/F: 818.995.1213/Email: tomfoxlaw@gmail.com | Telephone: 310.553.0308/Facsimile: 310.553.5583 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1332(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11 04510

| FOR OFFICE USE ONLY: | Case Number: | . |
|---|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)     **CIVIL COVER SHEET**     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**CIVIL COVER SHEET**

| | |
|---|---|
| **VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? | ☒ No ☐ Yes |

If yes, list case number(s):

| | |
|---|---|
| **VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? | ☒ No ☐ Yes |

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Incorporated in Connecticut; Principal Place of Business in Connecticut |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

| X. SIGNATURE OF ATTORNEY (OR PRO PER): | Date | May 25 , 2011 |
|---|---|---|

Elizabeth Nguyen

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com